**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4440**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS DESEAN MCDOUGALD,

Defendant - Appellant.

─────────────

**No. 23-4446**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS DESEAN MCDOUGALD,

Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00098-WO-1; 1:22-cr-00353-WO-1)

─────────────

Submitted:  April 10, 2025                              Decided:  April 14, 2025

─────────────

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Mark A. Jones, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Marcus Desean McDougald challenges his conviction and 72-month sentence following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and the revocation of his supervised release, for which the district court imposed a consecutive 14-month prison term. On appeal, McDougald's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of McDougald's guilty plea and the reasonableness of his sentences. Although he was notified of his right to do so, McDougald has not filed a pro se supplemental brief. We affirm.

Because McDougald did not move in the district court to withdraw his guilty plea, we review the validity of his plea for plain error. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). Our review of the plea colloquy confirms that the district court fully complied with Fed. R. Crim. P. 11 and properly determined that McDougald's plea was knowing, voluntary, and supported by a sufficient factual basis. Discerning no plain error, we conclude that McDougald's guilty plea is valid.

Generally, we review a defendant's sentence "for reasonableness, applying a deferential abuse of discretion standard." *United States v. Morehouse*, 34 F.4th 381, 387 (4th Cir. 2022) (internal quotation marks omitted). We first ensure that the court "committed no significant procedural error," such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or inadequately explaining the sentence. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). If we

3

find the sentence procedurally reasonable, we then review its substantive reasonableness under "the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a).

We discern no error in the district court's calculation of McDougald's advisory Guidelines range. As defense counsel acknowledges, the argument that McDougald's prior conviction for possession with intent to manufacture, sell, or deliver a controlled substance is not a controlled substance offense under the Guidelines is foreclosed by our decision in *United States v. Miller*, 75 F.4th 215, 230-31 (4th Cir. 2023) (holding N.C. Gen Stat. § 90-95(a)(1) (2021) is a controlled substance offense for purposes of U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(2), 4B1.2(b)),* and our review of the record reveals no reversible error in the district court's other calculations.

The district court also appropriately considered the parties' sentencing arguments and adequately explained its reasons for imposing a variant sentence one-month above the policy statement range. *See United States v. McKinnie*, 21 F.4th 283, 292 (4th Cir. 2021) ("variant sentences are generally reasonable when the reasons justifying the variance are

---

* For reasons appearing to the court, we placed this appeal in abeyance for *United States v. Jackson*, 127 F.4th 448, 455 (4th Cir. 2025) (holding there is no irreconcilable conflict between *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), and *United States v. Davis*, 75 F.4th 428 (4th Cir. 2023)). The opinion in *Jackson* supports our decision to affirm McDougald's sentence.

4

tied to § 3553(a) and are plausible" (internal quotation marks omitted)).  We conclude that McDougald's sentence is both procedurally and substantively reasonable.

Next, *Anders* counsel questions whether the district court imposed a reasonable revocation sentence.  "A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017).  "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted).  "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* If a sentence is either procedurally or substantively unreasonable, only then do we consider whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007).

A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable § 3553(a) factors.  *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(e).  A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006).  Our review of the record confirms that McDougald's revocation sentence is procedurally and substantively reasonable.  The district court correctly identified the policy statement range, considered the relevant statutory factors, and adequately explained its reasons for selecting the 14-month sentence, which is within the policy statement range.

In accordance with *Anders*, we have reviewed the entire records in these cases and have found no meritorious grounds for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform McDougald, in writing, of the right to petition the Supreme Court of the United States for further review. If McDougald requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McDougald. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*